Carlos C. Alsina-Batista (CA Bar #327286)
The Law Offices of Jeffrey Lohman, P.C
28544 Old Town Front St., Suite 201
Temecula, CA 92590
T: (657) 363-3331
F: (714) 888-4528
E: CarlosA@jlohman.com
*Attorneys for Plaintiff, Jennifer Garcia*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| Jennifer Garcia,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JPMorgan Chase Bank, N.A.,<br><br>　　　　Defendant. | **Case No.:**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**1. Violations of the Telephone Consumer Protection Act;**<br><br>**2. Violations of the Rosenthal Fair Debt Collection Practices Act** |

NOW COMES, Plaintiff, Jennifer Garcia, by her attorney, and alleges the following against Defendant JPMorgan Chase Bank, N.A.:

1.　Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer

Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq* and in violation of California's Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Ca Civ. Code § 1788.17.

2. The TCPA was legislated to prevent companies like JPMorgan Chase Bank, N.A. from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

3. When enacting the Rosenthal Fair Debt Collection Practices Act, CA Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose declaration:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION AND VENUE

4. Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). See <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. Supplemental jurisdiction over the state law claim exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resided within this district during the relevant time period and a substantial part of the events or omissions giving rise to the herein claims occurred within this district.

## PARTIES

6. Plaintiff is a natural person currently residing in San Joaquin County, in the city of Stockton, California.

7. Defendant is a nationally chartered bank, doing business in the state of California, with its principal place of business located in Columbus, Ohio. Defendant is a "person," as defined by 47 U.S.C. §153 (39).

8. At all times relevant to this Complaint, Defendant has acted through its

agents employees, officers, members, directors, heir, successors, assignees and assignors, principals, corporate affiliates, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

9. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c).

10. Defendant has been attempting to collect on a debt from credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2 (e) of the Rosenthal Act.

11. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

12. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (925) XXX-3503.

13. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to (210) 520-6400, (847) 426-9138, (847) 426-8085, (847) 426-9203, (407) 732-2416, (210) 520-0146, (847) 488-8885, (847) 488-3078 and (407) 771-3476.

14. On information and belief based on the considerable volume, timing and great frequency of the calls, of up to 7 per day, and per Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system ("autodialer").

15. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Jennifer Garcia.

16. Defendant's calls were not for emergency purposes, as would be exempted by 47 U.S.C. § 227(b)(1)(A).

17. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls, either on a per-call or flat-fee basis, within the purview of 47 U.S.C. § 227(b)(1).

18. Defendant never received Plaintiff's "prior express consent" to place calls to her using an automatic telephone dialing system or an artificial or prerecorded voice to her cellular telephone, as required by 47 U.S.C. § 227(b)(1)(A).

19. On or about November 7, 2019, Plaintiff called into Defendant's company at phone number (210) 520-6400. Plaintiff spoke with Defendant's representative who identified himself as "Jamie" with "unique ID U328311," identified herself with her personal information, and requested that Defendant cease calling Plaintiff's cellular phone.

20.     During the conversation, Plaintiff stated her name and Defendant's Representative stated that such name had already come up in its system, presumably because of the system's caller identification technology. Nonetheless, Plaintiff gave Defendant her social security number and answered a security question, in order to assist Defendant in accessing her accounts. In response, Defendant's representative stated: "Ok, I see you're calling in reference to your Chase Freedom card ending in 3349."

21.     Ms. Garcia immediately asked for Defendant to stop calling her cell phone. The request was acknowledged by Defendant's representative, who unabashedly answered that he removing her cell phone number was not possible because she owed a debt to Chase.

22.     By clearly informing Defendant she did not want calls on her cell phone, on September 12, 2019 Plaintiff revoked any consent, explicit, implied, or otherwise, Defendant may have had to call her cellular telephone with an automatic telephone dialing system.

23.     Despite Plaintiff's request to cease, Defendant placed autodialed calls to Plaintiff after September 12, 2019.

24.     Despite Plaintiff's request that Defendant cease placing collection calls to Plaintiff with an automatic telephone dialing system, Defendant continued to place at least one hundred eighty-eight (188) telephone calls, as much as 5 calls per dsay, using an automatic telephone dialing system to Plaintiff's cellular telephone.

The repeated contacts were made with the expectation that Plaintiff would succumb to Defendant's harassing behavior and ultimately make a payment, despite her inability to pay.

## FIRST CAUSE OF ACTION -NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

28. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION - KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et. seq.

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CA CIV CODE § 1788.17

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

34. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jennifer Garcia, respectfully requests judgment be entered against Defendant, JPMorgan Chase Bank, N.A., for the following:

## FIRST CAUSE OF ACTION

35. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein: one hundred eighty-eight (188) for a total of ninety-four thousand dollars ($94,000.00); and

36. Actual damages and compensatory damages according to proof at time of trial.

## SECOND CAUSE OF ACTION

37. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein: one hundred eighty-eight (188) for a total of two hundred eighty-two thousand dollars ($282,000.00); and,

38. Actual damages and compensatory damages according to proof at time of trial;

## THIRD CAUSE OF ACTION

39. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

40. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

41. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and;

42. Actual damages and compensatory damages according to proof at time of trial.

## ON ALL CAUSES OF ACTION

43. Actual damages and compensatory damages according to proof at time of trial;

44. Costs and reasonable attorneys' fees, and;

45. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

46. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED

Dated: August 13, 2020      By: */s/ Carlos C. Alsina-Batista*
Carlos C. Alsina-Batista
CA Bar No. 327286
*Attorney for Plaintiff, Jennifer Garcia*